FILED
SUPERIOR COURT
OF GUAM

2025 SEP -4 PM 3: 50

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| DENNIS MENDIOLA, et al., | **Special Proceedings Case No. <u>SP0024-25</u>** |
| Employee-Petitioner, | |
| vs. | **DECISION AND ORDER DENYING MOTION TO DISMISS** |
| GUAM CIVIL SERVICE COMMISSION, | |
| Respondent, | |
| vs. | |
| GUAM SOLID WASTE AUTHORITY, | |
| Management- Real Party In Interest. | |

Petitioner Dennis Mendiola protests the downward adjustment of his pay grade by his employer, the Guam Solid Waste Authority. GSWA counters that Mendiola is not entitled to certain pay protections under Guam law because his employment began after such laws were passed, and moves to dismiss on that basis. Upon review of the parties' arguments, the Court finds that dismissal is not appropriate at this time.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In 2017, the Guam Legislature enacted 10 GCA § 51A118 "for the purposes of effectuating the transition of personnel, procurement authority, and financial management from federal receivership to full management and operation of [GSWA] . . . upon termination of said receivership." Section 51A118 specifies that for this transition, "All existing classified employees shall remain classified with no diminution in any benefits or rights as established in this Chapter." 10 GCA § 51A118(a).



ORIGINAL

Five years after the enactment of section 51A118, on November 21, 2022, GSWA hired Mendiola as a Heavy Equipment Mechanic Leader at pay grade L-10. Am. V. Pet. at 4 (Mar. 7, 2025). One year later, the Legislature passed Public Law 37-3, which adjusted the General Pay Plan. In turn, with the Governor's approval, GSWA's Board of Directors changed the GSWA Compensation and Classification Pay Plan. *Id.* Mendiola's pay grade decreased from L-10 to JX-10, resulting in a downward adjustment in salary. *Id.* at 4-5.

Mendiola alleged that he received a "Notification of Personnel Action," reflecting the change of his pay grade. *Id.* at 5. He filed Step 1 and Step 2 grievances, which were denied. *Id.* Mendiola then filed a Step 3 grievance, which the Civil Service Commission dismissed for lack of jurisdiction,[1] but allowed a post-audit investigation. *Id.* at 6. After hearing the post-audit investigation results, the CSC determined that Mendiola "was not treated unjustly or contrary to the law." *Id.*, Ex. A.

Mendiola now brings this action for judicial review, requesting that the CSC's Decision and Order be reversed and remanded. GSWA moves to dismiss, arguing that per Section 51A118(a), Mendiola cannot avail of statutory protections from diminution in pay because his employment began after the passage of that law. Mem. In Supp. Mot. Dismiss at 2 (Mar. 31, 2025).

## II. LAW AND DISCUSSION

For its motion, GSWA argues that Mendiola has failed to state a claim for judicial review. In reviewing such motions, the Court accepts well-pleaded facts as true, construes the pleadings in a light favorable to the petitioner, and resolves all doubts in the non-movant's favor. Guam R. Civ. P. 12(b)(6); *Cruz v. Cruz*, 2023 Guam 20 ¶ 10. A matter may be dismissed "if it

---

[1] The issue of the CSC's jurisdiction is not presently before the Court.

ORIGINAL

appears beyond doubt that the [non-moving party] can prove no set of facts in support of his claim which would entitle him to relief." *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 9.

GSWA contends that because Mendiola was not an existing classified government employee on November 1, 2017, he is not protected under 10 GCA § 51A118(a). Mendiola responds that this interpretation creates an impermissible additional personnel classification in Guam. Suppl. Brief at 3 (July 3, 2025). He also points to protections under section 51A111, which states that

> (1) All employees of the Authority shall be eligible for all insurance, retirement, worker's compensation and other benefits as extended to employees of the government of Guam, and
>
> (2) shall be employees of the government of Guam for the purpose of the application of all civil service laws and personnel rules and regulations that apply to government of Guam employees, inclusive of all scales, tables and schedules for compensation.

10 GCA § 51A111(a). Finally, Mendiola claims that other portions of section 51A118[2] show that the Legislature knew how to limit protections for discrete types of employees because it chose to leave classified employees open ended. *Id.* at 4.

---

[2] 10 GCA § 51A118 (b) and (c) state:

> (b) Notwithstanding any other provisions of law, the Authority, in order to effect a stabilization of services during and after transition from federal receivership, shall be empowered to retain any nongovernment of Guam employee through employment contracts, who is not within the classified service of the government of Guam, and who is not entitled to any government benefits under this Chapter, for no more than three (3) years from the date of transfer of management from federal receivership; and
>
> (c) All short term operational contracts, obligations, services, and procurement in effect at the time of transition shall remain in effect until they terminate pursuant to the terms of their respective agreements. Notwithstanding Chapter 5 of Title 5 GCA, in the event that the contract(s) to provide labor, supplies, and services determined by the Authority to be essential to the uninterrupted operation of the Authority, expires on the day of turnover or within three (3) years from the date of turnover, the Authority

The Court starts with the statute's plain language, looking at the statute as a whole. *Aguon v. Gutierrez*, 2002 Guam 14 ¶ 6; *Amerault v. Intelcom Support Serv., Inc.*, 2004 Guam 23 ¶ 14. Title 10, Chapter 51A of the Guam Code Annotated, entitled the Guam Solid Waste Authority Act, comprises a comprehensive set of statutes governing GSWA, its structure, and its operations.

Section 51A111, entitled "Employees," extends "all insurance, retirement, worker's compensation and other benefits" available to government of Guam employees, to GSWA. 10 GCA § 51A111(a)(1). It furthermore allows GSWA employees to avail of civil service laws and personnel rules and regulations "inclusive of all scales, tables and schedules for compensation." 10 GCA § 51A111(a)(2). The Legislature enacted this provision in 2011—a time when the government was preparing to transition GSWA out of receivership. *See* P.L. 31-20 § 1. Section 51A111 was retained with slight amendments in 2017. On its face, section 51A111 appears to cover all GSWA employees—regardless of when they started their employment.

Section 51A118, however, speaks to a narrower class: "All *existing* classified employees shall remain classified with no diminution in any benefits or rights as established in this Chapter." (Emphasis added.) This provision, also enacted in 2017, was expressly created "for purposes of effectuating the transition of personnel, procurement authority, and financial management from federal receivership to full management and operation of the Authority by the Authority upon termination of said receivership. . . ." 10 GCA § 51A118. GSWA argues that this provision protects only those employees working with GSWA at that time from pay reductions, but not Mendiola.

---

is authorized to extend those contracts for a period of up to three (3) years, but in no event shall an extension under this Section exceed three (3) years from the date of turnover.

ORIGINAL

However, when these provisions are read together in the context of Chapter 51A as a whole, GSWA's interpretation falls short. Section 51A118 concerns transition; it protects employees essentially moving from one employer (i.e., under the receiver) to another (i.e., back under GSWA) at the time of that transition, but does not concern any other time. Section 51A118 expressly ensures during the transition out of receivership, the employees' benefits or rights would be unaffected. However, section 51A118 cannot be read to restrict employees after such a transition from receiving certain protection from a reduction in benefits simply because they started later; instead, it speaks only to protecting employees at the time of the transition.

Notably, at the continued Motion Hearing, both parties were unable to firmly state if or when the transition ended. Given that there is no information on whether the transition out of receivership is complete, and assuming that GSWA is correct that only persons employed at the time of the transition are protected from a diminution in benefits, at the very least it appears premature to dismiss this action. If the transition is not complete, then Mendiola would be able to avail of the protections of section 51A118.

The Court further finds that Mendiola's arguments regarding 10 GCA § 51A118(b) and (c) support the idea that he receives protection under Subsection (a). Subsections (b) and (c) illustrate that the Legislature placed time limits on other types of employees. When reading the three Subsections together, it is apparent to the Court that during this transition period, the Legislature opted not to place time restrictions on classified employees.

Finally, GSWA also fails to explain how, if, as Mendiola argues, section 51A111 protects him from a diminution in pay, why it should not also apply to him. Indeed, the Court finds merit in the argument that section 51A111 applies to Mendiola. To reiterate, that provision indicates that GSWA employees receive protections that other government employees do. Mendiola

ORIGINAL

indicates this extension of benefits affects him. On the record before it, the Court finds this argument, along with section 51A118, merits further consideration and prevents dismissal.

### III. CONCLUSION AND ORDER

GSWA has not demonstrated that section 51A118 precludes Mendiola from pursuing this action. Accordingly, the Court DENIES GSWA's Motion to Dismiss.

**SO ORDERED, 4 September 2025.**

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Parties:
Joseph C. Razzano, Esq. and Joshua Walsh, Esq., Razzano Walsh & Torres, P.C., for Employee-
  Petitioner Dennis Mendiola
Joseph Guthrie, Chief Deputy AG, Office of the Attorney General, for Management-Real Party
  in Interest, the Guam Solid Waste Authority
Respondent Guam Civil Service Commission (unrepresented)

ORIGINAL